WILLIAM R. EMERSON *vs.* URIE TOWNSEND.

*Money loaned for Gambling purposes—Injunction.*

Under the Statute of 9 Anne, ch. 14, in force in Maryland, a note, a part of the consideration of which was for money loaned for gambling purposes, and the judgment recovered on such note, are both void, and execution will be enjoined.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, FOWLER, MCSHERRY, and BRISCOE, J., for the appellant, and submitted on brief for the appellee.

*Howard Bryant,* for the appellant.

*Robert Crain,* and *William S. Bryan, Jr.,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

It appears from the record in this case that on the 10th day of March, 1887, the appellee, Urie Townsend, executed and delivered to the appellant, Wm. R. Emerson, a promissory note, payable to the said Emerson, eight months from its date, for the sum of three hundred and ninety-five dollars, bearing interest from its date. The note, according to the evidence, was given in settlement of accounts between the parties. Shortly after the maturity of the note, a suit was instituted thereon in the Superior Court of Baltimore City by one Howard Bryant, endorsee, and after trial before a jury, a judg-

ment was rendered for the plaintiff for the sum of four hundred and three dollars and forty-eight cents, with interest and costs. At the trial, an agreement was filed that any defence growing out of the plaintiff (Bryant) being a *bona fide* holder for value, without notice, should be waived. The suit was afterwards entered for the use of Emerson, the original payee of the note.

On the 14th of December, 1888, a bill of complaint was filed by the defendant, Townsend, against Emerson and Bryant, for the purpose of obtaining an injunction to prevent the plaintiff from proceeding to collect the judgment, and for the further purpose of vacating the said judgment. The bill alleged that the judgment was void, because a part of the consideration of the note upon which it had been rendered was for a gambling debt, being for money loaned at poker, a game of cards, and prayed that execution of the judgment should be perpetually enjoined. The appellant, in his answer, denied the allegations of the bill, and averred that no part of the account, or the note, was for a gambling debt. Proof was then had, and at the hearing a decree was passed directing the injunction to issue, perpetually enjoining and prohibiting any execution of said judgment. It was further ordered by the Court, that the decree be without prejudice to the right of Emerson and Bryant to bring suit for the recovery of any claim that they might have against the defendant, Townsend. From this decree the present appeal has been taken.

It is well settled by the provisions of the Statute of 9 Anne, chapter 14, (see *Alexander's British Statutes,* 689,) that all notes, bills, bonds, judgments, mortgages, or other securities or conveyances whatsoever, given, granted, drawn, or entered into or executed by any person or persons whatsoever, where the whole or any part of the consideration of such conveyances or securities shall be for any money or other valuable things what-

soever, won by gaming or playing at cards, dice, tables, tennis, bowls or other game or games whatsoever, or by betting on the sides or hands of such as do game at any of the games aforesaid, or *for the reimbursing or repaying any money knowingly lent or advanced for such gaming or betting, as aforesaid, or lent or advanced at the time and place of such play, to any person or persons so gaming or betting, as aforesaid,* or that shall, during such play, so play or bet, *shall be utterly void,* frustrate and of none effect, to all intents and purposes whatsoever; any statute, law or usage to the contrary thereof in any wise notwithstanding.

And this statute has been recognized in *Hood vs. Boteler,* 3 *H. & McH.,* 348, and in *Gough vs. Pratt, Adm'r of Kent,* 9 *Md.,* 533, as being in full force in Maryland. In the latter case, it was held that equity will grant relief, against a judgment at law upon a bond given for a gambling consideration, though no such defence was made in the suit at law, and it makes no difference that the judgment was recovered by a *bona fide* assignee for value and without notice.

There can be no doubt from an examination of the evidence in this case that a part of the consideration of the note, to the extent of five dollars, upon which judgment was rendered, was for money lent and advanced, (knowingly) for gambling purposes, and loaned and advanced at the time and place of gaming and betting.

There were but two witnesses of importance whose testimony bear upon the case.

The witness (Townsend) testified positively to the effect, that the item $5.00 in the account marked "cash P. K." was for money loaned at poker, a game played at cards, at the time and at a certain place where he and Emerson were engaged in said game; that the consideration for the note, upon which the judgment had been entered, was the open account between them.

The other witness, the appellant, Emerson, when examined in the injunction case, does not seem to remember with the same clearness the particulars of the transaction, as he did when he testified in the law case of *Howard Bryant, use of Emerson vs. Townsend,* in the Superior Court of Baltimore City. He does not, however, deny loaning the money at the card table, but simply states, that "I don't remember it.". A portion of his testimony in the law case was produced by agreement from the stenographer's notes, at the hearing of this suit; and it is in substance to the following effect: "that he loaned him the money," (referring to the cash item $5.00, marked P. K. in the account,) "I supposed to open a jack-pot with," "I certainly loaned him the money."

Here then we have the positive and uncontradicted testimony of the complainant, supported by an admission of the defendant, that the consideration of the note, in part, to the extent of five dollars, was for money loaned at gaming.

There can be no successful contention, that the judgment was for anything except the note, or that the note had any other consideration than the account which contained the item of $5.00 for money loaned at the poker table.

It thus follows that, as a part of the consideration of the note in this case, was for money loaned for gambling purposes, that the whole note was *utterly void* and of no effect.

It was made void by the Statute of 9 Anne, chapter 14, (see *Alexander's British Statutes,* 689,) and there could be no recovery upon it. And it is equally as clear that the judgment in this case was in part for a gambling debt.

The record and testimony show that no claim of credit was made at the trial on account of the money loaned for gambling purposes, and the only credit claimed by

the defendant was for set-offs in his account against the plaintiff. In addition to this, the Court instructed the jury to find for the plaintiff for the amount of the note, less such credits as may have been agreed upon. The judgment, therefore, under the Statute of 9th Anne, was also void and of no effect.

We think that the other points raised by the appellant have been conclusively settled by this Court in the case of *Gough vs. Pratt, Adm'r of Kent*, 9 Md., 527, and by the opinion of Chief Justice TANEY, in the case of *Thomas, Trustee of Lloyd vs. Watson*, decided in the Circuit Court of the United States, for the District of Maryland. (9 Md., 536.) We therefore affirm the decree in this case.

*Decree affirmed.*