# SUPERIOR COURT OF BALTIMORE CITY.

Filed February 9, 1922.

### JOSEPH C. SMITH
### VS.
### MAX SUMMERFIELD AND LOUIS SUMMERFIELD.

*Harry O. Levin* for plaintiff.
*Sydney R. Traub* for defendants.

STANTON, J.—

There is a very interesting question involved in this case. The third plea sets up that the consideration mentioned in the said notes was given for a gambling consideration and is therefore void. A demurrer has been filed to this plea, and that is the matter now before the Court. The plea might have been more explicit, but the question intended to be raised by the plea and discussed in the argument is the validity of a promissory note, the consideration for which is a gambling debt, when that note is sued upon by a third party who is a holder in due course without notice.

Under the statute of 9th Anne, Chapter 14, which was adopted early in the history of this State with other British statutes, a note given for a gambling debt is void, even though it was in the hands of innocent holders for value without notice, Pratt vs. Gough, 9 Md. 526; Emerson vs. Townsend, 73 Md. 224. This was the law in this State without question until 1898, when

the negotiable instrument act was passed. Has that act changed the law as it applies to holders in due course without notice of any legality in the consideration? The spirit and purpose of the negotiable instrument act was to establish a uniform standard for commercial paper, so that commercial affairs might rest with reasonable assurance, upon the same meaning for the same law in each State where this uniform law might be enacted. It undertakes to protect negotiable instruments in the hands of holders in due course or innocent holders for value and without notice, whatever might be the grounds of defense between the original parties. This intention would be frustrated, if a note given for a gambling debt finds its way into another State, perhaps, in the hands of an innocent holder for value, and without notice, only to be told that it is void in the State where it is issued, because it represents a gambling debt. Some cases have held that it is better that such a result should follow than to recognize an illegal transaction, but the trend of modern law is to give effect to the uniform negotiable instrument act in spirit and in letter. Wirt vs. Stubblefield, 17 App. D. C. 283; Vandeford vs. Farmers' Bank, 105 Md. 168-9.

The case of Wirt vs. Stubblefield in 17 Appeals (D. C.) deals with questions growing out of this same Statute of Anne as it affects the law of this State, because in the District of Columbia the same British statutes were in force as were adopted in the State of Maryland, and among them the one now under consideration, namely 9th Anne, Chapter 14. Judge Alvey says that this old English statute has been repealed in England, and other and more modern legislation has covered the matters it undertook to regulate, and the Court of the District of Columbia holds that it is no longer in force in that District, but if it was, that it had been repealed by implication by the act of Congress, which enacted the negotiable instrument law of the District of Columbia. All that he says in that case may be said in this case concerning the Statute of 9th Anne as it applies today in this State, except the fact that in 1904, which is six years after the passage of the negotiable instrument act, Judge McSherry makes the statement in the case of Baxter vs. Deneen, 98 Md. 210, that

the Statute of 9th Anne, Chapter 14, is still in force in this State. I do not believe it would have been so stated by this learned judge if the point as it affects this case and the question now being considered were before him for decision. In Wirt vs. Stubblefield, the Court in the District of Columbia decided the statute of 9th Anne, Chapter 14, had been repealed by implication, and our Court of Appeals quotes with approval from this case in 105 Md., page 168-9, with particular reference to the reason for, and spirit of, the uniform negotiable instrument law. If it was not intended to adopt its reasoning, it would hardly have gone that far.

The Act of 1898, Chapter 119, expressly provides that all laws inconsistent with its provisions are thereby repealed, and similar language was in the Act of Congress enacting the uniform negotiable instrument law for the District of Columbia. This provision was discussed in Wirt vs. Stubblefield (supra) and it was this provision and the general scope and purpose of the law, together with its special provisions protecting holders in due course, that brought the Court to declare a repeal by implication, and so it is held in this case. For these reasons, the demurrer is sustained.