JACK WEISBROD, APPELLANT, *v.* THE FREMONT HOTEL, INC., A NEVADA CORPORATION, RESPONDENT.

No. 3975

June 30, 1958.                                326 P.2d 1104.

*Harry E. Claiborne,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an action brought to enforce a gambling obligation. Judgment was rendered in favor of the defendant below, dismissing the action for failure of the complaint to state a claim upon which relief could be granted. This appeal is taken by the plaintiff from that judgment.

Plaintiff alleges that on May 23, 1956 he was a patron of the gambling establishment operated by defendant; that he purchased a $3.50 ticket on defendant's keno game; that following the game it was disclosed by the drawing that he held a winning ticket entitling him to the sum of $12,500; that defendant has refused to pay him this sum.

In 1872 it was established as the law of this state that an action does not lie for the collection of money won in gambling. Scott v. Courtney, 7 Nev. 419. This rule was reaffirmed in 1950 in West Indies v. First National Bank, 67 Nev. 13, 214 P.2d 144, after reviewing consideration of the same question in Evans v. Cook, 11 Nev. 69; Burke and Co. v. Buck, 31 Nev. 74, 99 P. 1078, 22 L.R.A., N.S., 627; and Menardi v. Wacker, 32 Nev. 169, 105 P. 287.

Appellant contends that this rule should be held to

apply only against the proprietors of gambling establishments and should not be held to apply against the patrons of such establishments since the rule exists for the protection of the patrons.

Both Scott v. Courtney, supra, and West Indies v. First National Bank, supra, involved instances of a proprietor permitting, if not encouraging, a patron to gamble upon credit. It may well be that the rule there announced was founded to some degree upon a recognition of the obvious evils inherent in such practices. So long as such practices remain lawful, however, the rule must be held to apply equally to all lawful gambling transactions. It must, then, cut both ways. If money won at gambling is not recoverable through resort to the courts it is not because of who has won it but because of the nature of the transaction itself.

. This is not to say that the state provides no adequate protection to the gambling patron. It must be recognized that the state has an interest in seeing that its licensees honestly and honorably respect their gambling obligations. Repudiation of such obligations would most certainly be regarded as reflecting upon the suitability of one to hold a state license. Therefore, while protection of the courts is not afforded the gambling patron, he does have administrative protection through regulation of gambling by the tax commission. With reference to such protection it may well be, by the very nature of disputes such as that here involved, that the factual truth can, with justice to both disputants, more expertly and surely be ascertained through an administrative inquiry than through a judicial one. In Nevada Tax Commission v. Hicks, 73 Nev. 115, 310 P.2d 852, we had occasion to note the importance to the state of having this board as an expert administrative agency serve in a fact-finding capacity upon questions within the area of its specialized competence.

Nor can it realistically be contended that such administrative determination would not inure to the benefit of the gambling patron in a proper case. No licensee is likely to place his license in jeopardy through refusal to pay a gambling debt found to be properly due.

We therefore have no doubt but that if the tax commission had felt that the respondent was honestly indebted on the transaction here involved, resort to the courts need never have been had.

We conclude that the rule of the Scott and West Indies cases must be held to apply in the case at bar. The dispute here involved is not one of which judicial cognizance can be taken.

Affirmed.