George H. HAMILTON, Appellant,

v.

Thomas W. BLANKENSHIP, Appellee.

No. 3159.

District of Columbia Court of Appeals.

Argued Feb. 4, 1963.

Decided May 17, 1963.
Rehearing Denied June 3, 1963.

———◆———

Henry J. Balzer, Washington, D. C., for appellant.

Sidney A. Cohen, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant brought this action to recover $1,606, the total of various loans he had made to appellee.[1] The trial court found that the loans were made at appellant's restaurant in Waldorf, Maryland; that they were made in the form of coins to enable appellee to play the slot machines maintained there; and that appellant made the loans with full knowledge of the purpose for which the money was to be used. The court denied recovery on the ground that D.C.Code 1961, § 16–701 [2] expresses a public policy against judicial enforcement of gaming transactions regardless of their validity in the place where made.

■ Ordinarily a contract valid where made will be enforced in the courts of another jurisdiction without regard to whether it would have been valid under the law of the forum. Exception is made to the general rule when enforcement of the contract would contravene the public policy of the

1. On a previous appeal we reversed and ordered a new trial. D.C.Mun.App., 173 A.2d 737.

2. This section continues in force Section 1 of the Statute of 9 Ann, ch. 14. The verbiage pertinent to this case provides:

"All notes * * * given * * * for the reimbursing or repaying any money knowingly lent, or advanced for such gaming or betting * * * shall be utterly void, frustrate, and of none effect * * *."

forum.[3] This exception should be applied sparingly and before considering its application here, it is proper to first determine whether the contract was enforceable under Maryland law.

At the time the loans were made the operation of slot machines was legal in Charles County, Maryland, where appellant's restaurant was located; but it does not necessarily follow that Maryland courts will entertain an action to recover money advanced for the purpose of playing such machines. For example, licensed gambling establishments operate legally in the State of Nevada, but because parts of the Statute of Ann are still in effect in that State, a gambling house may not maintain an action for the collection of money won from a customer;[4] nor may a customer enforce a gambling debt owed him by a gambling establishment;[5] and one cannot recover money advanced for gambling.[6]

■ The Statute of Ann, ch. 14, sections of which are incorporated in our Code,[7] was at one time in full force in Maryland.[8] The subsequent history of the statute is set forth in La Fontaine v. Wilson, 185 Md. 673, 45 A.2d 729, 162 A.L.R. 1218. It was held in that case that Article 27, § 298, of Flack's 1939 Code,[9] to the extent that it is inconsistent with the second section of the Statute of Ann, dealing with the right to recover gambling losses, must be taken to have modified or repealed said second section. However, the language of the opinion indicates that the first section of the Statute of Ann continues to be the law in Maryland. This view has been adopted by the annotators of both the 1939 and 1951 editions of Flack's Code and the present Annotated

Code of 1957. All state that: "This section [Art. 27, § 243, of the present Code] does not repeal the statute of 9 Anne, ch. 14, making void security given for gambling debts." It is our conclusion that appellant had no valid contract in the State of Maryland where the transaction occurred,[10] that he would have been denied relief in the courts of Maryland, and it necessarily follows that he is not entitled to recover in the District of Columbia.

Affirmed.

---

3. See Annotation, 173 A.L.R. 695. See also, Intercontinental Hotels Corp. v. Golden, 18 A.D.2d 45, 238 N.Y.S.2d 33.

4. West Indies, Inc. v. First National Bank of Nevada, 67 Nev. 13, 214 P.2d 144.

5. Weisbrod v. Fremont Hotel, Inc., 74 Nev. 227, 326 P.2d 1104.

6. Wolpert v. Knight, 74 Nev. 322, 330 P.2d 1023.

7. D.C.Code 1961, §§ 16–701 thru 16–706.

8. Emerson v. Townsend, 73 Md. 224, 20 A. 984.

9. Now Art. 27, § 243, of the 1957 Annotated Code of Maryland.

10. See Farmers' Milling & Grain Co. v. Urner, 151 Md. 43, 134 A. 29.