**In re Homer W. SMITH,**
**Virginia C. Smith.**

**Civ. No. JFM–86–3586.**

United States District Court,
D. Maryland.

April 28, 1987.

---

Melvin M. Feldman, Rockville, Md., for plaintiff.

Arthur B. Brisker, Rockville, Md., for defendant.

### MEMORANDUM

MOTZ, District Judge.

This is an appeal from an order entered by Bankruptcy Judge Paul Mannes on October 16, 1986, 66 B.R. 58, upholding a $15,000 claim asserted against the bank-

rupt estate by the Golden Nugget Casino Hotel ("GNAC"). The claim was based upon three bad checks, each for $5,000, which the debtor gave to GNAC in return for chips purchased by the debtor on a gambling junket to Atlantic City.

The issue presented is whether GNAC's claim is barred because, as a gambling debt, it is unenforceable in Maryland.[1] Maryland Code Ann., Article 27, § 243 provides:

> Any person that may lose money at a gaming table may recover back the same as if it were a common debt, and shall be a competent witness to prove the sum he lost; but no person shall recover any money or other thing which he may have won by betting at any game or by betting in any manner whatsoever.

The predecessor of this statute has been interpreted to mean that gambling debts of any kind arising in Maryland cannot be enforced by Maryland Courts. *See Spies v. Rosenstock*, 87 Md. 14, 39 A. 268 (1898); *Emerson v. Townsend*, 73 Md. 224, 20 A. 984 (1880).

Here, the debt in issue was contracted not in Maryland but in New Jersey, where the type of gambling to which the debt related is legal. This Court agrees with Judge Mannes that the Maryland Courts would not apply § 243 to bar recovery of such a debt. In *Bender v. Arundel Arena, Inc.*, 248 Md. 181, 236 A.2d 7 (1967) and *Cates v. State of Maryland*, 21 Md.App. 363, 320 A.2d 75 (1974), the Court of Appeals and Court of Special Appeals, respectively, indicated that the statute is directed toward illegal, not legalized, gambling. Maryland itself has, in addition to legalizing various forms of gambling, actively promoted its own State lottery. This Court will not infer that Maryland policy is so hypocritical that it permits the State to profit from one type of gambling, on the one hand, while voiding valid private gambling contracts, on the other.

---

**1.** In addition to finding that GNAC's claim was not unenforceable under Maryland law, Judge Mannes also indicated that the law applicable to determining the enforceability of the debt would be the law of the place of the making of

For these reasons Judge Mannes' order is affirmed.

the contract, New Jersey. Because this Court agrees with Judge Mannes that GNAC's claim is enforceable under Maryland law, it need not reach the choice of law question.