The Honorable Mike Todd State Senator 333 West Court Street Paragould, Arkansas 72450
Dear Senator Todd:
This is in response to your request for an opinion on the following question:
 Can a nonprofit organization conduct a raffle? Does it make any difference in the legality of the raffle if the proceeds are being used for charitable or non-charitable purposes by the organization?
You have noted that over the past several years I, and my predecessors in office, have issued several opinions concerning the legality of raffles held by school and other nonprofit organizations. You have received a recent inquiry concerning the legality of a raffle held by a local nonprofit organization and note that the "normal rules" for these types of raffles were followed, "i.e., no requirement for attendance to win, the purchase of tickets was viewed as a donation, etc." You have asked for any previously issued opinions on the topic and for my opinion on the question set out above.
It appears that the opinions from this office which have been issued on the topic involve the legality or constitutionality of bingo rather than raffles.[1] I have not found any Arkansas Attorney General Opinion issued by my administration or any former administration specifically discussing the legality of raffles held by nonprofit organizations. It seems clear, however, that a raffle, as commonly conducted, meets the definition of a "lottery" as that term is used in the Arkansas Constitution.[2] A "lottery" is defined as "a species of gaming . . . for the distribution of prizes by chance among persons who have paid, or agreed to pay, a valuable consideration for the chance to obtain a prize." Burks v. Harris, 91 Ark. 205, 208 (1909). It has been held that a "raffle" is the simplest form of a lottery (United States v. Baker,364 F.2d 107, 111 (3rd Cir. Pa. 1966)); and that the term "raffle" is in fact synonymous with the term "lottery." Williams v. Weber Mesa DitchExtension Co. Inc., 572 P.2d 412, 414 (Wyo. 1977). Webster's Seventh NewCollegiate Dictionary (1972) defines a "raffle" as "a lottery in which the prize is won by one of numerous persons buying chances. . . ."Webster's at 706.
Although the precise issue has not been addressed by the Arkansas Supreme Court in quite some time, it appears that existing Arkansas precedent makes no exception for the fact that the proceeds may go to charitable purposes. State v. Bass, 224 Ark. 976, 277 S.W.2d 479 (1955).[3] Thus, under present law, it appears that raffles conducted by nonprofit organizations are technically unlawful and may be enjoined under Arkansas Constitution, art. 19, § 14.
Of course, the prosecuting attorneys of the various districts have the authority to review the facts of particular cases and, in their discretion, determine whether legal action is warranted under art. 19, § 14. These officials also have the discretion to determine if criminal charges are warranted under the gambling statutes found in the Arkansas Criminal Code. See A.C.A. §§ 5-66-101 through -119 (Repl. 1993). Consultation with the local prosecuting attorney may therefore be advisable in this regard.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] I have enclosed two previously issued opinions in this regard (Ops. Att'y Gen. 93-305 and 93-005) which should be of help on the general topic of lotteries.
[2] Arkansas Constitution, art. 19, § 14 provides that "[n]o lottery shall be authorized by this State, nor shall the sale of lottery tickets be allowed." Although this provision includes no criminal penalty, it is clear that lotteries are unlawful and can be enjoined under this provision.
[3] As you may recall, a proposed constitutional amendment to authorize charitable raffles and bingo was referred by the General Assembly at the 1993 regular session for a vote of the people at the 1994 general election. That measure was removed from the ballot, however, as a result of publication errors on the part of the Secretary of State. See Walmsleyv. McCuen, 318 Ark. 269, 885 S.W.2d 10 (1994).