SEA AIR SUPPORT, INC., A NEVADA CORPORATION, DBA AUTOMATED ACCOUNTS ASSOCIATES OF NEVADA, APPELLANT, v. RALPH HERRMANN, RESPONDENT.

No. 10786

July 11, 1980                                        613 P.2d 413

*Nicolaus R. Harkins,* Carson City, for Appellant.

*Carl F. Martillaro,* Carson City, for Respondent.

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE E. M. GUNDERSON, Justice. Nev. Const. art. 6, subsection 19; SCR 10.

## OPINION

*Per Curiam:*

Ralph Herrmann wrote a check for $10,000 payable to the Ormsby House, a hotel-casino located in Carson City, Nevada, and exchanged it for three counter checks he had written earlier that evening to acquire gaming chips. The Ormsby House was unable to collect the proceeds from the check because Herrmann had insufficient funds in his account. The debt evidenced by the check was assigned to Sea Air Support, Inc., dba Automated Accounts Associates, for collection. Sea Air also was unsuccessful in its attempts to collect and, therefore, filed this action against Herrmann to recover $10,567.

The district judge dismissed the action on the ground that Sea Air's claim is barred by the Statute of Anne. Sea Air appeals the dismissal. We are asked to reconsider the long line of Nevada cases refusing to enforce gambling debts. We refuse to do so, and affirm the dismissal.

Nevada law incorporates the common law of gambling as altered by the Statute of 9 Anne, c. 14, § 1, absent conflicting statutory or constitutional provisions. NRS 1.030; West Indies v. First National Bank, 67 Nev. 13, 214 P.2d 144 (1950); Burke v. Buck, 31 Nev. 74, 99 P. 1078 (1909). The Statute provides that all notes drawn for the purpose of reimbursing or repaying any money knowingly lent or advanced for gaming are "utterly void, frustrate, and of none effect". Despite the fact that gambling, where licensed, is legal in Nevada, this court has long held that debts incurred, and checks drawn, for gambling purposes are void and unenforceable. Corbin v. O'Keefe, 87 Nev. 189, 484 P.2d 565 (1971); Wolpert v. Knight, 74 Nev. 322, 330 P.2d 1023 (1958); Weisbrod v. Fremont Hotel, 74 Nev. 227, 326 P.2d 1104 (1958); *West Indies,* 67 Nev. at 31; *Burke,* 31 Nev. at 80; Evans v. Cooke, 11 Nev. 69 (1876); Scott v. Courtney, 7 Nev. 419 (1872).

In this case, Herrmann's $10,000 check clearly was drawn for the purpose of repaying money knowingly advanced for gaming. *See* Craig v. Harrah, 66 Nev. 1, 201 P.2d 1081 (1949).

The check is void and unenforceable in this state. If the law is to change, it must be done by legislative action.

Sea Air seeks to avoid the defense that the check is void and unenforceable because of gaming purpose by claiming to be a holder in due course, immune to most defenses. NRS 104.3305. "A holder in due course is a holder who takes the [negotiable] instrument: (a) For value; and (b) In good faith; and (c) Without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." NRS 104.3302(1). Sea Air promised to take "such legal action as may be necessary to enforce collection" of the $10,000. The promise to perform services in the future does not constitute taking for value under NRS 104.3303. Anderson, 2 *Uniform Commercial Code* (2d ed.) § 3303:3. In addition, Sea Air had at least constructive notice of a defense against collection because the check was payable to a casino, and Sea Air knew the check had been dishonored. Consequently, Sea Air is not a holder in due course. The action was properly dismissed.[1]

Affirmed.

MOWBRAY, C. J., THOMPSON, GUNDERSON, and BATJER, JJ., and TORVINEN, D.J.,[2] concur.

---

[1]This case was consolidated with Sandler v. District Court, Docket No. 11919, for the purpose of oral argument.

[2]MR. JUSTICE NOEL MANOUKIAN voluntarily disqualifed himself and took no part in this decision. The Governor, pursuant to Art. VI, § 4, of the Constitution, designated Judge Roy L. Torvinen of the Second Judicial District to sit in his stead.