614 P.2d 10 (1980)
Jerrold SANDLER, Petitioner,
v.
EIGHTH JUDICIAL DISTRICT COURT of the State of Nevada, In and For the COUNTY OF CLARK, and Honorable William Beko, Respondents, and
Nevada National Bank, a Nevada Corporation, Real Party in Interest.
No. 11919.
Supreme Court of Nevada.
July 29, 1980.
Rehearing Denied October 3, 1980.
*11 Wiener, Goldwater & Waldman, Las Vegas, for petitioner.
John Peter Lee, Las Vegas, for real party in interest.

OPINION
BATJER, Justice:
Nevada National Bank filed suit against Jerrold Sandler to recover the proceeds from several checks written by Sandler. Sandler wrote the checks on a Maryland bank account to John Hutchings and others for gambling and to cover gambling losses incurred by Sandler, and by Hutchings in Sandler's behalf, during private "freeze out" games of "21". The checks were all negotiated to Nevada National Bank. The district judge denied Sandler's motion for summary judgment. Sandler petitions this court for a writ of mandamus to compel the district judge to grant summary judgment in his favor.
A writ of mandamus will issue to compel entry of a summary judgment when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Manufacturers & Traders Trust v. District Court, 94 Nev. 551, 583 P.2d 444 (1978); Hoffman v. District Court, 90 Nev. 267, 523 P.2d 848 (1974); Holloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964); see NRCP 56(c); NRAP 3A(b)(5). In this case it is undisputed that the checks were drawn by Sandler to engage in gambling or delivered to John Hutchings for the express purpose of engaging in gambling ventures. As a matter of law, checks drawn for the purpose of gambling are void and unenforceable in this state. Sea Air Support, Inc. v. Herrmann, 96 Nev. ___, 613 P.2d 413 (1980); Corbin v. O'Keefe, 87 Nev. 189, 484 P.2d 565 (1971); Wolpert v. Knight, 74 Nev. 322, 330 P.2d 1023 (1958).
Nevada National Bank seeks to avoid the defense that the checks are void and unenforceable (Statute of 9 Anne, C. 14, § 1) by claiming to be a holder in due course immune to that defense. NRS 104.3305 provides that a holder in due course takes an instrument free from: "2. All defenses of any party to the instrument with whom the holder has not dealt except: ... (b) Such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity[.]" A holder in due course is not immune to real defenses; that is, those defenses which render the check, and the underlying obligation created thereby, entirely void. Bankers Trust Co. v. Litton Systems, 599 F.2d 488 (2d Cir.1979); Middle Georgia Livestock Sales v. Commercial Bank & Trust Co., 123 Ga. App. 733, 182 S.E.2d 533 (1971); White & Summers, Uniform Commercial Code, § 1410 at 487-488. Because the Statute of Anne renders the checks herein void ab initio, the defense may be asserted against Nevada National Bank. Pacific National Bank v. Hernreich, 240 Ark. 114, 398 S.W.2d 221 (1966). Therefore, summary judgment in favor of Sandler must be granted.
Accordingly, a writ of mandamus shall issue directing the district judge to grant Sandler's motion for summary judgment.[1]
Writ granted.
MOWBRAY, C.J., THOMPSON and GUNDERSON, JJ., and TORVINEN, District Judge,[2] concur.
NOTES
[1] This case was consolidated with Sea Air Support, Inc. v. Herrmann, 96 Nev. ___, 613 P.2d 413, for the purpose of oral argument.
[2] Mr. Justice Noel Manoukian voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. VI, § 4, of the Constitution, designated Judge Roy L. Torvinen of the Second Judicial District to sit in his stead.