HARRAH'S CLUB, DBA HARRAH'S TAHOE, APPELLANT, v. NEVADA STATE GAMING CONTROL BOARD AND KATHERINE BOTELHO, RESPONDENTS.

No. 18814

NEVADA GAMING CONTROL BOARD, APPELLANT, v. KATHERINE BOTELHO, RESPONDENT.

No. 18668

December 30, 1988                                    766 P.2d 900

---

[2]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.

*Schreck, Jones, Bernhard, Woloson and Godfrey* and *David D. Johnson,* Las Vegas, for Appellant Harrah's Club.

*Brian McKay,* Attorney General, *Gloria Stendardi,* Deputy, Carson City, for Appellant and Respondent Nevada Gaming Control Board.

*F. Thomas Eck,* Carson City, for Respondent Katherine Botelho.

## OPINION

*Per Curiam:*

On November 18, 1985, Katherine Botelho claimed to have won a slot machine jackpot at Harrah's Tahoe (Harrah's). Harrah's refused to pay the jackpot on the grounds that the slot machine had malfunctioned. The Nevada Gaming Control Board (NGCB) investigated the dispute. NGCB agent Rasley sent the parties a letter stating that Harrah's was obligated to pay the jackpot to Katherine Botelho (Botelho). Harrah's filed a petition for reconsideration with NGCB. Botelho moved NGCB to dismiss the petition as untimely. NGCB held a hearing on Botelho's motion to dismiss on March 24, 1986. NGCB's final ruling was delayed by a criminal investigation and the hearing officer's illness. On February 2, 1987, Botelho filed a petition with the First Judicial District Court requesting a writ of mandamus or prohibition and injunctive relief. The district court permanently enjoined NGCB from reconsidering its agent's decision and ordered that a writ of mandate should issue directing NGCB to order Harrah's to pay the jackpot to Botelho. NGCB appeals that decision in Case No. 18668. In the meantime, NGCB issued an order, based upon the district court's decision, directing Harrah's to pay Botelho the jackpot. Harrah's filed a petition in the Ninth Judicial District Court contending that NGCB's order was void.

The district court dismissed Harrah's petition on the grounds that it lacked jurisdiction to hear the case because of NGCB's appeal pending in this court. Harrah's appeals that decision in Case No. 18814.

NGCB contends that the district court's order granting equitable relief in the form of a permanent injunction and directing a writ of mandate to issue is void for lack of subject matter jurisdiction. Specifically, NGCB contends that the district court could only have jurisdiction if it was reviewing a final decision of the NGCB.

Article 6, § 6 of the Nevada Constitution sets forth the jurisdiction of the several district courts and grants them the power to issue writs of mandamus and injunction as well as other writs. However, Article 6, § 6 does not authorize court intrusion into the administration, control, supervision and discipline of gaming. *Gaming Control Bd. v. Dist. Ct.,* 82 Nev. 38, 409 P.2d 974 (1966). This authority is vested in the NGCB. When a patron and a licensee are unable to resolve a disputed gaming debt over $500, it must be reported to the NGCB and investigated. NRS 463.362(1). A NGCB agent must investigate the dispute and notify the patron and licensee of his decision in writing. NRS 463.362. An aggrieved party may then file a petition for reconsideration of the agent's decision with the NGCB. NRS 463.363. NRS 463.365 provided for judicial review of NGCB decisions.[1] Only final decisions, however, are subject to review. *Gaming Control Bd. v. Dist. Ct.,* 82 Nev. at 40, 409 P.2d at 975. In the present case, the NGCB has not issued a final decision. Therefore, the district court had no jurisdiction over this matter and its order is void and of no effect. Accordingly, the NGCB order requiring Harrah's to pay the jackpot is also void. Having so concluded, we dismiss appeal No. 18814 as moot.[2]

---

[1] NRS 463.365 was repealed in 1987 and replaced by NRS 463.3662 and 463.3668.

[2] We have the fullest confidence that the NGCB will act with alacrity and dispatch to produce a final order.

THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this matter.