942 F.2d 694
 Russell ERICKSON; Beth Erickson; Kirk Erickson,
Plaintiffs-Appellants,
v.
DESERT PALACE, INCORPORATED; Caesars Palace, a Nevada
corporation; Caesars Palace Corporation, a Delaware
corporation; Donald Abrahamson; Marian Vince, formerly
known as Marian Fourno; State of Nevada; Nevada Gaming
Control Board, Defendants-Appellees.
 No. 89-16053.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 8, 1990.
Decided Aug. 21, 1991.
 
 I. Nelson Rose, Los Angeles, Cal. and James P. Sitter, Las Vegas, Nev., for plaintiffs-appellants.
 Robert D. Faiss and Marc H. Rubinstein, Lionel Sawyer & Collins, Las Vegas, Nev., for defendants-appellees Desert Palace, Inc., Caesars Palace, and Caesars Palace Corp.
 Appeal from the United States District Court for the District of Nevada.
 Before ALDISERT*, ALARCON and BRUNETTI, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Appellants Russell, Beth, and Kirk Erickson appeal the district court's order dismissing their complaint for lack of subject matter jurisdiction and for failure to state a claim. The Ericksons brought this action against corporate defendants operating Caesar's Palace Casino in Las Vegas, Nevada, seeking to recover a $1,061,812.00 slot machine jackpot won by Kirk, a minor. The Erickson's alleged breach of contract, quasi-contract, fraud and cheating, and interference with contract, and sought declaratory judgment regarding the unconstitutional implementation and enforcement of a Nevada statute. The Ericksons appeal only the dismissal of their third cause of action alleging fraud and cheating. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 2
 We review de novo the dismissal of a complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) or for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989) cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Dismissal is proper when it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Love v. United States, 871 F.2d 1488, 1491 (9th Cir.1989).
 
 
 3
 The Ericksons assert diversity jurisdiction. Therefore state law applies to this action and we are bound by Nevada's Supreme Court case law. Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Olympic Sports Prod., Inc. v. Universal Athletic Sales Co., 760 F.2d 910, 912-13 (9th Cir.1985), cert. denied sub nom Whitaker Corp. v. Olympic Sports Prod., Inc., 474 U.S. 1060, 106 S.Ct. 804, 88 L.Ed.2d 780 (1986).
 
 I.
 
 4
 On August 5, 1987, the Ericksons visited Caesar's Palace Casino in Las Vegas, Nevada. Kirk, then 19, purchased tokens and won a jackpot of $1,061,812.00. Because Kirk was under 21, the legal gambling age in Nevada, the casino refused to pay him the jackpot. See NRS 463.350.
 
 
 5
 Under Nevada law, an unpaid slot machine jackpot is a gaming debt not evidenced by a credit instrument. Harrah's Club v. State Gaming Control Bd., 104 Nev. 762, 766 P.2d 900 (1988) (casino patron's claim to an unpaid slot machine jackpot considered "disputed gaming debt"); State Gaming Control Bd. v. Breen, 99 Nev. 320, 323, 661 P.2d 1309, 1311 (1983) (patron seeking recovery of unpaid keno winnings found to have "no claim other than a gambling debt").
 
 
 6
 NRS 463.361, enacted in 1983, states: "Except as provided in NRS 463.361 to 463.366, inclusive, gaming debts not evidenced by a credit instrument are void and unenforceable and do not give rise to any administrative or civil cause of action." NRS 463.362 to 463.366 provide for review of a casino's refusal to pay alleged winnings to a patron by the State Gaming Control Board (the "Board"). NRS 463.3662 to 463.3668 provide for review of the Board's decision by a Nevada District Court and by the State Supreme Court. NRS 463.3668(2) provides that judicial review by the state courts is the exclusive method for review of the Board's actions.
 
 
 7
 The Ericksons filed a formal complaint under NRS 463.363 with the Board on August 7, 1987. When the Board's Enforcement Division denied the Erickson's claims on November 9, 1988, they filed a petition seeking reconsideration which was also denied. Specifically, the Board found that NRS 463.350 prohibited Kirk Erickson from collecting the slot machine jackpot and that any contract that may have existed between the defendant casino and Erickson was inoperative because it violated NRS 463.350. The Board also held that Erickson had not properly stated a claim for restitution, quasi contract or unjust enrichment, because he sought payment of the jackpot rather than return of the three $1 tokens he had used, and those theories permit only damages to the extent of the benefit to the defendant. Finally, the Board held because the Casino had properly warned Erickson that the legal gambling age is twenty-one and had made no misrepresentations of gambling rules, defendant was not guilty of fraud.
 
 
 8
 Pursuant to NRS 463.3662, the Ericksons petitioned the Eighth Judicial District Court of Nevada for Clark County to review the Board's ruling. The district court affirmed the denial of the claim, whereupon the Ericksons petitioned the Nevada Supreme Court for judicial review. The Nevada Supreme Court dismissed the appeal on May 21, 1990. The Court agreed with the Board that NRS 463.350 prohibited Erickson from collecting the jackpot, and that there was no evidence the casino "knowingly allowed Kirk Erickson to gamble while underage," which might support a claim of fraud.
 
 II.
 
 9
 The Erickson's filed a complaint in federal district court on August 11, 1988, before the decision of the Board. Defendants State of Nevada, Nevada Gaming Control Board, and Caesars filed motions to dismiss the action. The district court granted the motions dismissing the complaint for lack of subject matter jurisdiction due to the Erickson's failure to exhaust the administrative remedies provided by Nevada law. Because the Nevada Supreme Court has issued its decision, the Ericksons now have exhausted their administrative remedies.
 
 
 10
 We decline to remand this case to the district court, however, because that court provided an alternative ground for dismissing the complaint. The court found that NRS 463.361 limits a plaintiff to an administrative proceeding followed by judicial review in state court. The court therefore determined the Ericksons could not state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). The district court held because "plaintiffs claim can most accurately be characterized as an attempt to recover a gaming debt not evidenced by a credit instrument ... plaintiffs cannot maintain a civil action to recover a jackpot, but instead are limited to an administrative proceeding followed by judicial review."
 
 III.
 A.
 
 11
 Appellants assert the Nevada statute should not bar this action because it does not involve a "gaming debt." We agree with the district court that "Nevada characteristically categorizes suits to collect unpaid gambling winnings as gaming debts." Harrah's Club v. State Gaming Control Bd., 104 Nev. 762, 766 P.2d 900 (1988); State Gaming Control Bd. v. Breen, 99 Nev. 320, 323, 661 P.2d 1309, 1311 (1983); Corbin v. O'Keefe, 87 Nev. 189, 484 P.2d 565 (1971). The district court correctly held that NRS 463.361 to 463.3688 limits a plaintiff's recovery of a gaming debt to the exclusive administrative/judicial review procedure contained therein.
 
 B.
 
 12
 Plaintiff's also assert the limitation imposed by NRS 463.361 does not apply in this case because the casino's refusal to pay the slot machine jackpot amounts to fraud. They cite Berman v. Riverside Casino Corp., 323 F.2d 977 (9th Cir.1963) and Zaika v. Del E. Webb Corp., 508 F.Supp. 1005 (D.Nev.1981).
 
 
 13
 In Berman, appellant sued a casino to recover money he lost allegedly as a result of the casino's use of "loaded" dice. Although at the time of the action, Nevada made no statutory provision for suit to recover gambling losses, we held the appellant had properly asserted a cause of action for fraud: "[T]he common law of England, in effect when Nevada became a state is, except as modified by statute or decision of Nevada's courts, the law of Nevada. And the common law rule, as of the time of Nevada's admission to the Union, appears to have been that one who lost money in a crooked gambling game could recover in a civil action." Id. at 979 (citations omitted) (emphasis added). Berman thus provides for a cause of action for fraud to recover losses sustained in a gambling transaction.
 
 
 14
 Berman does not, however, remove this action from the purview of NRS 463.361. The Ericksons did not sue to recover losses sustained as the result of a "crooked gambling game." Rather appellants sought damages for fraud in the amount they would have won had Russell been a legal gambler. Whether or not appellees refusal to turn over the casino jackpot amounted to fraud, the remedy sought here is recovery of an alleged gaming debt. Since the passage of NRS 463.361, any action to recover such a debt is confined to the administrative process.
 
 
 15
 Zaika is likewise inapposite. In that case plaintiff claimed he was defrauded by a casino that used an extra card in its blackjack decks. He sought to recover losses resulting from the alleged fraud. Appellant filed a claim against the casino, which was rejected by the Board, and then a federal court action for misrepresentation and fraud. Defendant moved for dismissal of the claim, arguing that under the doctrine of res judicata, a decision by an administrative agency (i.e., the Board) that the casino had acted properly should preclude a federal court action.
 
 
 16
 The district court disagreed. It held that a player who claims she has been cheated by a casino has two distinct remedies: she may pursue a hearing before the Gaming Control Board, id. at 1007-08, or she may bring a civil suit under Berman. Zaika pursued the administrative relief and was rebuffed. The district court decided, however, that res judicata would not bar a subsequent civil action: "The opportunity to seek judicial review from an administrative determination is implicit in the doctrine[ ] of res judicata...." Id. at 1009. Under NRS 463.315 a casino has a right to judicial review of a Board decision ordering it to pay a claim. The court found, however, that "neither the Nevada statutes nor gaming regulations provide a similar procedure for review to a complainant, such as plaintiff here, who receives an adverse decision from the Gaming Control Board." Id. at 1010. Because of this inequality of judicial review the court held res judicata was inapplicable.
 
 
 17
 Zaika simply reaffirms the rule in Berman that a party may assert an action outside the administrative process to recover gambling losses sustained due to casino fraud. We reiterate, however, the suit in this case does not involve an attempt to recover such losses. We do not believe the Nevada legislature intended to allow parties to avoid the administrative process simply by alleging fraud in a patent attempt to force a casino to turn over alleged winnings. Under NRS 463.361, parties who assert they are owed a gaming debt, fraud or no fraud, are confined to the administrative process followed by state judicial review.
 
 
 18
 Because NRS 463.361 precludes Appellants' fraud action, they have failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We therefore affirm the decision of the district court.
 
 
 19
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation