Heather **DEVON**, Plaintiff,

v.

**UNBELIEVABLE, INC.,** a Nevada corporation, d/b/a Frontier Hotel & Gambling Hall; Clara Lacombe; John Does I–X, Defendants.

No. CV–S–93–58–PMP (RJJ).

United States District Court,
D. Nevada.

April 22, 1993.

Melvin M. Belli, Sr., Belli, Belli, Brown, Monzione, Fabbro & Zakaria, San Francisco, CA, Cal J. Potter, III, Potter Law Offices, Las Vegas, NV, for plaintiff.

David L. Riddle, Cohen, Lee & Johnson, Las Vegas, NV, for defendants.

## ORDER

PRO, District Judge.

Before the Court is a Motion to Dismiss (# 9) filed on March 10, 1993, by Defendants Unbelievable, Inc., d/b/a Frontier Hotel & Gambling Hall ("Frontier") and Clara Lacombe ("Lacombe"). Plaintiff Heather Devon ("Devon") filed an Opposition (# 13) on March 25, 1993. Defendants filed a Reply (# 15) on April 5, 1993.

In her Complaint, Devon alleges that on or about November 7, 1991, she was playing a dollar slot machine at the Frontier. According to Devon, she had been playing one particular slot machine, # 2614, since early the prior evening. Devon alleges that at 8:45 a.m., Clara Lacombe, an employee of the Frontier, approached Devon and offered to "lock-up" the slot machine so that Devon could go get something to eat. According to Devon, Lacombe informed her that once the machine was locked up, no one else would be permitted to play it, and Devon could resume her play when she returned from eating. Devon agreed, and allegedly left her "slot club card" with Lacombe. When Devon returned, she found another individual playing this particular slot machine. At some point, this individual won a jackpot from this machine totalling approximately $100,000.

In her Complaint, Devon sets forth the following claims: (1) negligent supervision against the Frontier; (2) negligence against Clara Lacombe; (3) liability against the Frontier for Lacombe's alleged negligence under the doctrine of respondeat superior; and (4) emotional distress.

Defendants urge this Court to dismiss Plaintiff's Complaint for failure to exhaust administrative remedies and for lack of subject matter jurisdiction.

Defendants argue that this case is controlled by the Ninth Circuit's decision in *Erickson v. Desert Palace, Inc.*, 942 F.2d 694 (9th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1476, 117 L.Ed.2d 620 (1992). The plaintiff in that case, Erickson, brought suit against Caesar's Palace to recover a slot jackpot he had won in the amount of over one million dollars. Caesar's Palace refused to pay because the winner was a minor, and

minors are prohibited by law from gambling. Erickson sued Caesar's, alleging breach of contract, quasi-contract, fraud and cheating, and interference with contract. The *Erickson* court stated that "under Nevada law, an unpaid slot machine jackpot is a gaming debt not evidenced by a credit instrument." *Erickson*, 942 F.2d at 695 (citations omitted). The court noted that Nevada statutes provide that a casino's refusal to pay alleged winnings to a casino patron is reviewed by the State Gaming Control Board ("Board"). *Id.* (citing N.R.S. 463.362—463.366). A Nevada district court may review a Board decision, and further review is confined to the state Supreme Court. *Id.* (citing N.R.S. 463.3662—463.3667). N.R.S. 463.3668(2) specifically provides that "judicial review by the district and supreme courts afforded in this chapter is the exclusive method of review of any actions, decisions and orders in hearings held pursuant to N.R.S. 463.361 to 463.366, inclusive."

Devon argues that Defendants' reliance on *Erickson* is misplaced. She contends that hers is not an action for a gaming debt not evidenced by a credit instrument, but that she is suing for negligence and consequential damages. She further alleges that she has not failed to exhaust administrative remedies, in that she and her counsel contacted the Board, but that the Board informed her that there was nothing they could do to help her.[1] Finally, Devon argues that the *Erickson* court reaffirmed *Berman v. Riverside Casino Corp.*, 323 F.2d 977 (9th Cir.1963), and *Zaika v. Del E. Webb Corp.*, 508 F.Supp. 1005 (D.Nev.1981), both of which, according to Devon, held that "an action is permissible outside the state administrative process where the claim is for damages which are a result of fraud." Plaintiff's Opposition (# 13) at 4.

In fact, *Erickson* reaffirmed *Berman* and *Zaika* for the proposition that "a party may assert an action outside the administrative process to recover *gambling losses* sustained due to casino fraud." *Erickson*, 942 F.2d at 697 (emphasis in original). Those cases per-mitted law suits to recover losses incurred, not, as in *Erickson* and in this case, to recover monies allegedly owed by the casino.

■ This Court finds that under *Erickson*, Devon's Complaint must be dismissed. As the *Erickson* court stated, "under N.R.S. 463.361, parties who assert they are owed a gaming debt, fraud or no fraud, are confined to the administrative process followed by state judicial review." *Erickson*, 942 F.2d at 697. Devon's Complaint clearly seeks payment of the almost $100,000 she alleges the Frontier owes her, and this can only be characterized as a "gaming debt." Devon's assertions that the Board indicated to her or to her counsel that it would not get involved in this matter are not a substitute for complying with the correct administrative procedures.

Not only has Devon failed to exhaust her administrative remedies, she is limited to pursuing relief in front of the State Gaming Control Board and the Nevada State Courts. Therefore, this Court is without subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies. Furthermore, this Court finds that N.R.S. 463.361 limits Plaintiff to an administrative proceeding followed by judicial review in a Nevada State Court, and thus, she may not maintain a civil action to recover a jackpot. As a result, the allegations of negligence in her complaint do not state a cause of action upon which relief may be granted.

It is unclear whether Count IV of Devon's first Amended Complaint intended to state a separate cause of action for infliction of emotional distress, or whether she intended Count IV merely to be a measure of damages recoverable under her negligence claims. To the extent that it is the latter, this Count must be dismissed along with her substantive negligence action.

■ Alternatively, if the Complaint intended to state an independent cause of action for negligent infliction of emotional dis-

---

1. Plaintiff's counsel attached an affidavit of one of its investigators, Richard P. Berni, to Plaintiff's Opposition. Mr. Berni states that he contacted a Board member and a Board investiga-tor, both of whom confirmed that "neither the Gaming Control Board nor its investigators would become involved in this matter."

tress, Devon's claim must be denied because Nevada has not recognized a tort of negligent infliction of emotional distress, except in bystander cases. *See Etchart v. Bank One, Columbus, N.A.,* 773 F.Supp. 239 (D.Nev. 1991).

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (# 9) is granted.