29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Heather DEVON, Plaintiff-Appellant,
v.
UNBELIEVABLE, INC., a Nevada corporation, dba Frontier Hotel
& Gambling Hall; Clara Lacombe, Defendants-Appellees.
 No. 94-15078.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 24, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Heather Devon appeals the district court's dismissal of her second amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Erickson v. Desert Palace, Inc., 942 F.2d 694, 694-95 (9th Cir.1991), cert. denied, 112 S.Ct. 1476 (1992), and affirm.
 
 
 3
 In her complaint, Devon alleged that defendant Clara Lacombe, a slot hostess for the Frontier Hotel and Gambling Hall ("Frontier"), offered to "lock up" the slot machine Devon had been playing while Devon took a break to eat. Devon alleged that when she returned another patron was playing the machine and won a jackpot of almost $100,000. Devon demanded that the Frontier pay her the winnings but the hotel refused. Devon subsequently filed this diversity action alleging claims for negligence and negligent infliction of emotional distress ("NIED").
 
 
 4
 In dismissing Devon's action, the district court correctly held that Devon's action was one for a "gaming debt". "Under Nevada law, an unpaid slot machine jackpot is a gaming debt not evidenced by a credit instrument." Erickson, 942 F.2d at 695 (citing Harrah's Club v. State Gaming Control Bd., 766 P.2d 900, 901-02 (Nev.1988) (per curiam)).
 
 
 5
 Moreover, in Nevada, a party seeking to recover a gaming debt not evidenced by a credit instrument must utilize the administrative process prescribed in Nev.Rev.Stat. Secs. 463.362-.366. See Nev.Rev.Stat. Sec. 463.361; Erickson, 942 F.2d at 695. Under this scheme, the party must first seek relief before the Nevada Gaming Control Board ("NGCB") and then seek judicial review before a Nevada state court. See Erickson, 942 F.2d at 695. Thus, the district court also correctly held that Devon failed to exhaust her administrative remedies and that, even if Devon had exhausted her administrative remedies, she was limited to seeking relief in Nevada state court. See Nev.Rev.Stat. Secs. 463.362-.366.
 
 
 6
 We reject Devon's contention that this is not a suit to collect a gaming debt but, rather, a suit for consequential damages sustained as a result of defendants' negligence. In Erickson, plaintiff argued that his action was not one to collect a gaming debt because the casino's refusal to pay a slot jackpot amounted to fraud. We disagreed, stating that:
 
 
 7
 We do not believe the Nevada legislature intended to allow parties to avoid the administrative process simply by alleging fraud in a patent attempt to force a casino to turn over alleged winnings. Under NRS 463.361, parties who assert they are owed a gambling debt, fraud or no fraud, are confined to the administrative process followed by state judicial review.
 
 
 8
 942 F.2d at 697. Our reasoning in Erickson is applicable here. While it is true that Devon did not actually place the wager that resulted in the disputed jackpot, the essence of her claim is that she was entitled to the jackpot. Indeed, Devon alleged in her complaint that upon learning of the jackpot she demanded that the Frontier pay her the winnings. We therefore conclude that Devon's action was one for a gaming debt. See id.
 
 
 9
 Devon also contends the district court erred by dismissing her NIED claim. As we concluded above, Devon's action is one to collect a gaming debt. See id. at 695. Thus, because Devon may not avoid Nevada's statutorily-prescribed administrative process merely by alleging negligence, see id. at 697, the district court did not err by dismissing Devon's NIED claim.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court noted that to the extent Devon was attempting to state a claim for NIED her claim was dismissed because the Nevada Supreme Court has not recognized that tort except in bystander cases. We need not decide whether the district court was correct because, as we stated above, Devon may not circumvent the administrative process by alleging negligence. See Tipton v. University of Haw., 15 F.3d 922, 925 (9th Cir.1994) (stating that district court's judgment may be affirmed on any ground fairly supported by record)