97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John E. PORTER; Ann Porter, Plaintiffs-Appellants,
v.
JOHNSON CONTROLS, INC., Defendant,
and
Norman Splittstoesser; Federal Aviation Agency; Johnson
Controls, Inc.; Johnson Controls World Services, Inc.,
a/k/a Pan Am World Services, Inc.; Dyncorp, Inc.;
Kwajalein Services, Inc.; United States of America; Crosby
E. Hazel, in his official capacity as Commander of the
United States Army Kwajalein Atoll; David E. Spaulding, in
his official capacity as Commander of the United States
Kwajalein Atoll; Robert J. Straub, in his official capacity
as Government Flight Representative of the United States
Army Kwajalein Atoll; Charles Eady, a/k/a Chuck Eady,
Defendants-Appellees.
 No. 95-17173.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 13, 1996.
 
 Before: FLETCHER, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiffs John E. Porter and Ann Porter, husband and wife, bring this action arising out of their employment by United States military contractors on Kwajalein Atoll, a United States defense site in the Marshall Islands. The Porters allege various statutory and constitutional violations against the Federal Aviation Administration ("FAA") and various military personnel in their official capacity (collectively, the "federal defendants").[1] The Porters appeal pro se the district court's grant of summary judgment against their first and fourth causes of action and dismissal of their remaining claims against the federal defendants without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review de novo the district court's grant of summary judgment against the Porters on the first and fourth causes of action. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 A. Mandamus
 
 4
 In count I of the First Amended Complaint, the Porters seek a writ of mandamus to compel the federal defendants to enforce unspecified safety regulations and to prevent them from interfering with the Porters' ownership rights through a policy of price adjustments on Kwajalein. The record is clear, however, that the Porters no longer reside on Kwajalein Island and have no intention of returning. The Porters lack standing for their claim of mandamus because they fail to demonstrate that the practices they seek to enjoin have some continuing, adverse effect on them. See O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) ("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.") Summary judgment on this claim was proper.
 
 B. Takings Clause
 
 5
 In Count IV, the Porters allege that the government unfairly restricted them in the sale of improvements that they attached to their trailer-home on Kwajalein Island. It is undisputed that the Porters invested $8000 to $10,000 in the improvements to their trailer-home, that they sold those improvements for $3500 to $4000, and that the federal government owns the trailer and the land upon which the trailer sits. Initially, the government allowed the sale of improvements to anyone on the island wishing to inhabit the trailer. During the Porters' tenancy of the government-owned trailer, however, the government implemented a new policy restricting the sale of improvements to one of the first three persons on a list of those due to be assigned a trailer.
 
 
 6
 Although the Porters lost their right to sell the improvements to whomever they wished, they have not "been called upon to sacrifice all economically beneficial uses in the name of the common good." Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1019 (1992) (emphasis in original). The government's restrictions upon the sale of the Porters' improvements to real property owned by the government do not constitute a taking. Cf. Kirby Forest Industries, Inc. v. United States, 467 U.S. 1, 15 (1984) ("impairment [through initiation of condemnation proceedings] of the market value of real property incident to otherwise legitimate government action ordinarily does not result in a taking.")
 
 II
 
 7
 We review de novo the district court's dismissal of the Porters' second, third, fifth, and tenth causes of action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Erickson v. Desert Palace, Inc., 942 F.2d 694, 694-95 (9th Cir.1991), cert. denied, 503 U.S. 937 (1992).
 
 A. Title VII
 
 8
 Count II of the First Amended Complaint alleges that the government "encouraged, ratified, authorized, and/or required" the corporate defendants to discriminate against Ann Porter on the basis of her gender in violation of 42 U.S.C. § 2000e-2.
 
 
 9
 The Porters fail to state a Title VII claim against the federal defendants for at least two reasons. First, Ann Porter failed to show any attempt to pursue, let alone exhaust, her administrative remedies set forth in 42 U.S.C. § 2000e-5. Stache v. Int'l Union of Bricklayers and Allied Craftsmen, AFL-CIO, 852 F.2d 1231, 1233 (9th Cir.1988) ("[a] private plaintiff must first file an EEOC complaint against the allegedly discriminatory party before bringing a Title VII suit in federal court"), cert. denied, 493 U.S. 815 (1989). Nor has Porter cited any reason for applying equitable tolling, estoppel or waiver of this condition precedent to her Title VII suit. See Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 95-96 (1990); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Second, Porter does not contend that the federal defendants employed her or denied employment to her. Rather, she alleges that Johnson Controls World Services, Inc. was her sole employer. The district court properly concluded that there is no basis for imposing Title VII liability on any of the federal defendants under these circumstances. See 42 U.S.C. § 2000e(b); 42 U.S.C. § 2000e-2.
 
 B. Fair Labor Standards Act
 
 10
 The Porters base their third cause of action on 29 U.S.C. § 216(b), which provides for civil liability of "[a]ny employer who violates the provisions of section 206 or 207 of this title ..." 29 U.S.C. § 216(b) (emphasis added). As noted above, the Porters do not allege that any of the federal defendants are their "employer" as defined at 29 U.S.C. § 203(d). Thus, their Fair Labor Standards Act claim fails.
 
 C. 42 U.S.C. § 1985
 
 11
 Count V alleges that the corporate and federal defendants conspired to deny the Porters certain civil rights in violation of 42 U.S.C. § 1985. The United States, however, may not be sued absent an explicit and unequivocal waiver of its sovereign immunity. Lane v. Pena, 116 S.Ct. 2092, 2096 (1996). Suits against federal employees in their official capacity--including the instant action against military personnel--also require a waiver of sovereign immunity. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). As the district court properly noted, the United States has not waived sovereign immunity for suits for damages based on alleged constitutional violations by its employees. See Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir.1985), cert. denied, 474 U.S. 1101 (1986); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1985), cert. denied, 475 U.S. 1010 (1986).
 
 
 12
 Another flaw in the Porters' § 1985 claim is that they do not allege any facts to support their allegation of a conspiracy. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988) ("[a] mere allegation of conspiracy without factual specificity is insufficient.") Finally, the Porters fail to allege that a racial or class-based animus motivated the conspirators' actions, as required for a § 1985 claim. McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir.1990), cert. denied, 504 U.S. 957 (1992).
 
 D. Negligence
 
 13
 The Porters' tenth cause of action is for the FAA's negligence in failing to ensure the corporate defendants' compliance with certain safety regulations. The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, et. seq., contains a limited waiver of federal sovereign immunity against tort claims. Section 2680(a), however, excludes from the FTCA's waiver of sovereign immunity claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797 (1984), the Court noted that "[w]hen an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind." Id. at 819-20. Thus, the Court held that the FAA's implementation of a mechanism for compliance review was discretionary activity protected by § 2680(a). Id. Under the reasoning in Varig, the discretionary function exception of § 2680(a) precludes the Porters' claim based on the FAA's system of compliance review for nonconforming aircraft.
 
 III
 
 14
 We review the district court's denial of the Porters' motion to amend their complaint for abuse of discretion. McGlinchy v. Shell Chemical Co., 845 F.2d 802, 809 (9th Cir.1988). Here, the proposed Second Amended Complaint did not cure the defects identified in the First Amended Complaint, and any further amendment would have been futile. Thus, the district court did not abuse its discretion in denying leave to amend. Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir.1991).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the Porters have settled their claims against the private, corporate defendants, this appeal concerns only the remaining claims against the federal defendants