110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Matthew JOSEPHS, individually and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
Frank ZOLIN, an individual; Anne Bersinger, an individual,
Defendants-Appellees.
 No. 96-16328.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Matthew Josephs appeals the district court's dismissal for lack of subject matter jurisdiction of his 42 U.S.C. § 1983 action alleging that the smog impact fee imposed under Cal.Rev. & Tax.Code § 6262 violates his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). See Erickson v. Desert Palace, Inc., 942 F.2d 694, 694-95 (9th Cir.1991). We affirm.
 
 
 3
 Josephs contends that the district court erred by determining that his action was barred by the Tax Injunction Act ("Act"), 28 U.S.C. § 1341. This contention lacks merit.
 
 
 4
 The Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act bars federal lawsuits for declaratory and injunctive relief, see California v. Grace Brethren Church, 457 U.S. 393, 411 (1982), and for damages, see Marvin F. Poer & Co. v. Counties of Alameda, 725 F.2d 1234, 1236 (9th Cir.1984).
 
 
 5
 We conclude that the smog impact fee is a tax. Cf. Bidart Bros. v. California Apple Comm'n, 73 F.3d 925, 931-32 (9th Cir.1996) (establishing test to determine whether an assessment is a tax). Josephs has a plain, speedy and efficient remedy in state court, because he may seek a refund through state administrative procedures, see Grace Brethren Church, 457 U.S. at 412; Cal.Rev. & Tax.Code § 6901-07; Cal.Veh.Code § 42231, or he may assert his section 1983 claims in state court, see Martinez v. State of Cal., 444 U.S. 277, 283 n. 7 (1980) (noting that state courts may entertain section 1983 claims).
 
 
 6
 Accordingly, the district court did not err by dismissing Josephs's action for lack of subject matter jurisdiction. See 28 U.S.C. § 1341; Grace Brethren Church, 457 U.S. at 412; Bidart, 73 F.3d at 931-32.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Josephs's request for oral argument. We also deny Josephs's request for judicial notice
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3